***E-FILED: 8.17.2007***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| XIAOKE TAO, | Case No. C07-02216 HRL |
| Plaintiff, | **ORDER DENYING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| MICHAEL CHERTOFF, as Secretary of the Department of Homeland Security; EMILIO GONZALEZ, Director of the U.S. Citizenship & Immigration Services; GERARD HEINAUER, Director of Nebraska Service Center, U.S. Citizenship & Immigration Services, | **[Re: Docket No. 9]** |
| Defendants. | |

## I. BACKGROUND

*Pro se* plaintiff, Xiaoke Tao, sues to compel the processing of her I-485 application for adjustment of status to lawful permanent resident. She alleges that the government has unreasonably delayed the adjudication of her application, which was submitted to the United States Citizenship and Immigration Service ("USCIS") over two and a half years ago. According to defendants, the application remains pending due to an FBI name check.

Pursuant to Federal Rules of Civil Procedures 12(b)(1) and 12(b)(6), defendants move to dismiss the complaint. They contend that this court lacks subject matter jurisdiction over plaintiff's claims because the pace at which her I-485 application is processed is left

1 entirely to agency discretion as a matter of law.

2 Tao failed to timely file her opposition to the motion.[1] There being no appearance by
3 either side at the August 7, 2007 motion hearing, this court took the matter under submission
4 without oral argument. Upon consideration of the moving and responding papers, the court
5 denies the motion.[2]

## II.  DISCUSSION

### A.  Motion to Dismiss for Lack of Subject Matter Jurisdiction (FED. R. CIV. P. 12(b)(1))

At issue is whether this court has subject matter jurisdiction over plaintiff's complaint under the APA, 5 U.S.C. § 701, *et seq.* and mandamus jurisdiction under 28 U.S.C. § 1361. Defendants argue that jurisdiction does not lie under either statute.

#### 1.  Jurisdiction under the APA

Under the APA, "[t]o the extent necessary to decision and when presented, the reviewing court shall . . . compel agency action unlawfully withheld or unreasonably delayed . . .." 5 U.S.C. § 706(1). Additionally, "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." *Id.*, § 555(b). To invoke jurisdiction under the APA, plaintiff must show that defendants (1) had a nondiscretionary duty to act and (2) unreasonably delayed in acting on that duty. *See Gelfer v. Chertoff*, C06-06724, 2007 WL 902382, *1 (N.D. Cal., Mar. 22, 2007) (*citing Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63-65 (2004)).

---

[1] Pursuant to the court's Civil Local Rule 7-3, Tao was obliged to file either an opposition or a statement of nonopposition no later than July 17, 2007. *See* CIV. L.R. 7-3. Her belated "Response and Opposition" was not filed until some three weeks later on the eve of the motion hearing. Plaintiff is advised that, although she is representing herself, she is responsible for diligently prosecuting her case and for adhering to rules that all litigants must follow. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (finding that pro per litigants must follow the same procedural rules as represented parties). The court has accepted and considered Tao's belated opposition. However, this court does not condone the failure to make timely filings and warns plaintiff against future non-compliance.

[2] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned.

United States District Court
For the Northern District of California

Defendants contend that there is no jurisdiction because the APA precludes judicial review where "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Here, they argue that the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255, commits adjustment of status to agency discretion.

The USCIS has considerable discretion over the determination of applications for status adjustment. *See* 8 U.S.C. § 1255(a). However, "there is a difference between the [USCIS's] discretion over *how* to resolve an application and the [USCIS]'s discretion over *whether* it resolves an application." *Singh v. Still*, 470 F. Supp.2d 1064, 1067 (N.D. Cal. 2006); *see also Yu v. Brown*, 36 F. Supp.2d 922, 931 (D.N.M. 1999) ("Thus, regardless of the ultimate decision, [USCIS] has a non-discretionary, mandatory duty to act on Plaintiff's application.").

Defendants nevertheless contend that the pace of processing for an I-485 application is discretionary. Here, they point out that, under the APA, "agency action" also includes a failure to act (*see* 5 U.S.C. § 551(13)) and further, that there is no statutory time frame in which such applications must be adjudicated. As such, defendants argue that the court cannot, and should not, impose one. *See Heckler v. Cheney*, 470 U.S. 821, 830 (1985) ("[R]eview is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.").

District courts are split over the question whether the pace of processing is discretionary in nature. Some courts have concluded that the INA gives the government complete discretion over the adjudication of applications, including the pace at which the applications are processed. *See e.g.*, *Safadi v. Howard*, 466 F. Supp.2d 696 (E.D. Va. 2006); *Zheng v. Reno*, 166 F.Supp.2d 875 (S.D.N.Y. 2001).

Other courts, including those in this district, have found that the USCIS has a nondiscretionary duty to adjudicate immigration applications within a reasonable time. This court agrees that the better rule permits judicial review on unreasonably delayed petitions because the APA expressly requires agency actions to occur "within a reasonable time." *See* 5 U.S.C. § 555(b)); *see also, e.g., Gelfer v. Chertoff*, C06-06724, 2007 WL 902382, *2 (N.D. Cal. Mar. 22, 2007); *Razaq v. Poulos*, C06-02461, 2007 WL 61884, *3 (N.D. Cal., Jan. 8, 2007);

3

1  *Singh v. Still*, 470 F. Supp.2d 1064, 1067 (N.D. Cal. 2006); *Aboushan v. Mueller*, C06-01280,
2  2006 WL 3041086, *2 (N.D. Cal., Oct. 24, 2006); *Paunescu v. Immigration & Naturalization*
3  *Service*, 76 F. Supp.2d 896, 901 (N.D. Ill. 1999); *Yu v. Brown*, 36 F. Supp.2d 922, 932 (D.N.M.
4  1999). Indeed, "[a] contrary position would permit the [USCIS] to delay indefinitely. Congress
5  could not have intended to authorize potentially interminable delays." *Yu*, 36 F. Supp.2d at
6  931-32.

7  Defendants nonetheless maintain that there has been no unreasonable delay. "What
8  constitutes an unreasonable delay in the context of immigration applications depends to a great
9  extent on the facts of the particular case." *Yu*, 36 F. Supp.2d at 934. Plaintiff's application has
10 been pending for over two and a half years (from the filing date of December 27, 2004), and for
11 some two years and five months since her first fingerprinting on March 13, 2005. Defendants
12 point out that a name check was submitted to the FBI on January 13, 2005 (approximately two
13 weeks after Tao's I-485 application was filed), but say that her application remains pending
14 because that name check has yet to be completed. (*See* Heinauer Decl., ¶ 15). They contend
15 that any processing delays are warranted because (a) the requisite background check is
16 necessary for national security and public safety; and (b) there is a large volume of submitted
17 petitions and applications.

18 This does not adequately explain, however, why plaintiff's application has not been
19 processed for over two years. While this court appreciates that the FBI name check implicates
20 national security, this does not render agency delay reasonable per se. Moreover, "delays of a
21 significant magnitude, particularly when they occur over uncomplicated matters of great
22 importance to the individuals involved, may not be justified merely by assertions of overwork."
23 *Yu*, 36 F. Supp.2d at 934 (citations omitted). Here, as in *Singh*, there is nothing on the record to
24 indicate that the delay has been due to any fault of plaintiff. *See Singh*, 470 F. Supp.2d at 1068.
25 Nor is there indication that her application is especially complex or presents any particular
26 matters for heightened concern. *See id*. Accordingly, on the record presently before the court,
27 delay of over two years in the processing of plaintiff's application is sufficiently unreasonable
28 to establish jurisdiction under the APA. *See Gelfer,* 2007 WL 902382 at *2 (delay of over two

*United States District Court*
For the Northern District of California

1  years is unreasonable as a matter of law); *see also, Yu*, 36 F.Supp.2d at 935 (declining to find
2  that two and a half-year processing delay is reasonable).

### 2. Mandamus Jurisdiction

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. This relief is "available to compel a federal official to perform a duty if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available." *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir.1998).

For the reasons stated above, this court finds that plaintiff's claim is clear and certain and the USCIS has a nondiscretionary, ministerial duty to adjudicate plaintiff's I-485 application within a reasonable time. Further, plaintiff must show that no other adequate remedy exists. This is a "condition designed to ensure that the writ will not be used as a substitute for the regular appeals process." *Cheney v. U.S. Dist. Ct. for Dist. of Columbia*, 542 U.S. 367, 380-81 (2004). Here, there is no apparent dispute that plaintiff has exhausted all administrative remedies. Thus, the court concludes that plaintiff has no adequate alternative remedy other than to seek judicial relief in the form of a writ of mandate.

### B. Motion to Dismiss for Failure to State a Claim, FED. R. CIV. P. 12(b)(6)

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Dismissal is appropriate only when it "'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* at 699 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Plaintiff alleges that Defendants unreasonably delayed processing her I-485 application for lawful permanent residency status. As noted above, proof of defendants' delay, if

1  unreasonable, would entitle plaintiff to an order directing adjudication of that application.
2  Therefore, the complaint sufficiently states a claim upon which relief can be granted.

### III.  ORDER

Based on the foregoing, IT IS ORDERED THAT defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) is DENIED.

Dated:     August 17, 2007

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:07-cv-2216 Notice electronically mailed to:**

Ila Casy Deiss ila.deiss@usdoj.gov, tiffani.chiu@usdoj.gov

**Counsel are responsible for delivering copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program**.

**5:07-cv-2216 Notice mailed to:**

Xiaoke Tao
861 Brent Drive
Cupertino, CA 95014